Filed 2/2/22  P. v. Wilson CA4/1
Opinion following transfer from Supreme Court

OPINION AFTER TRANSFER FROM CALIFORNIA SUPREME COURT

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D075612 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN067569) |
| ANTONY GLYN WILSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Harry M. Elias, Judge.  Reversed and remanded with instructions.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

In March 1998, a jury found Antony Glyn Wilson guilty of three counts of attempted murder, among other things.

The court sentenced him to 32 years.

In February 2019, Wilson filed a petition for resentencing pursuant to Penal Code[1] section 1170.95. The trial court denied the petition, stating Wilson was ineligible for relief because he was not convicted of first or second degree murder.

Wilson appealed, and this court affirmed the denial of the petition, relying on a body of case law that held section 1170.95 and Senate Bill No. 1437 (Stats. 2018, ch.1015) (Senate Bill 1437) did not apply to cases such as Wilson's. (*People v. Wilson* (Nov. 20, 2019, D075612) [nonpub. opn.].)

Wilson petitioned for review, and the Supreme Court granted it, then transferred the case to this court to reconsider in light of the newly enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which became effective January 1, 2022. We requested and received supplemental briefs on the impact of Senate Bill 775 on this case. Having now reconsidered the case, including the agreement of the parties that the case should be reversed and remanded, we will reverse the order denying the petition for resentencing and remand the matter to the superior court with directions to appoint counsel for Wilson and hold proceedings consistent with section 1170.95.

DISCUSSION

Prior to the enactment of Senate Bill 775, courts were divided over the question of whether a person convicted of attempted murder was eligible for resentencing under Senate Bill 1437 and section 1170.95. (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.) Senate Bill 775 addresses this conflict. The Legislature's stated purpose, in part, in enacting Senate Bill 775 was to clarify that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable

---

[1] Statutory references are to the Penal Code unless otherwise specified.

2

consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

In their supplemental briefs, the parties recognize the purpose of Senate Bill 775 as it applies to this case. We agree with the parties on the effect of the new legislation. We accept the Attorney General's concession.

The right to appointment of counsel under section 1170.95 arose when Wilson filed a facially sufficient petition. (§ 1170.95, subd. (b)(3)); *People v. Lewis* (2021) 11 Cal.5th 952, 960-972.) Additionally, the record before us includes jury instructions for both the natural and probable consequences doctrine and for aiding and abetting. In closing arguments, the prosecutor introduced both the natural and probable consequences doctrine and a theory of aiding and abetting. A jury instruction for the natural and probable consequences doctrine may establish a prima facie showing of eligibility (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006-1008), and nothing in the record demonstrates Wilson is ineligible as a matter of law. Accordingly, we reverse the trial court's order denying the petition and remand the matter to the trial court, with instructions to appoint counsel, issue an OSC, and conduct an evidentiary hearing as required by statute. (§ 1170.95, subds. (b)(3) & (d).)

DISPOSITION

The order denying Wilson's petition for resentencing under section 1170.95 is reversed.  The matter is remanded to the superior court with directions to appoint Wilson an attorney, issue an order to show cause, and to conduct an evidentiary hearing as required by statute.  We express no opinion regarding the appropriate outcome.


HUFFMAN, Acting P. J.

WE CONCUR:



HALLER, J.



AARON, J.

4